IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ESTELITA L. MESINA, et al.,        )
                                   )
            Plaintiffs,            )
                                   )
     v.                            )        No.  13 C 3585
                                   )
NSM RECOVERY SERVICES, INC.,       )
                                   )
            Defendant.             )

MEMORANDUM ORDER

This Court has just received the Judge's Copy of the
Complaint brought by Estelita and Antonio Mesina (collectively
"Mesinas") against NSM Recovery Services, Inc. ("NSM") to charge
it with violation of the Fair Debt Collection Practices Act
("Act"),[1] more specifically Act §1692e(2) as alleged in Count I,
Act §1692e(10) as alleged in Count II and Act §1692f as alleged
in Count III.  This sua sponte memorandum order is prompted by
the troubling nature of Mesinas' Complaint.

According to Complaint ¶10, Mesinas had filed for bankruptcy
back in December 2010, and that filing resulted in the discharge
of their previously existing indebtedness to a company simply
described as "Goodyear" (Complaint ¶5).  More than two years
later (in March of this year), NSM assertedly sent Mesinas a
letter in an effort to collect that discharged indebtedness
(Complaint ¶11).

---

[1] All references here to provisions of the Act will take
the form "Act § --," omitting the prefatory "15 U.S.C."

But the obvious problem with those skeletal allegations is that Mesinas' counsel does not explain how NSM's transmittal of that collection letter ran afoul of the Act--violation of Act §1692(e) comes into play only if a debt collector "use[s] any false, deceptive or misleading representation or means in connection with the collection of pending debt," while a violation of Act §1692f occurs only if a debt collector "use[s] unfair or unconscionable means to collect or attempt to collect any debt." And all that is alleged throughout the Complaint (with emphasis added) is that NSM "knew, or should have known" about the bankruptcy proceedings and the discharge of the debt.

This Court holds no brief for the often oppressive or harassing conduct of debt collectors that led Congress to step in and enact the Act with its sweeping prohibitions. Those abusive practices are unconscionable, and the enactment of a civil remedy to deal with such violations was eminently sensible.

But this Court also holds no brief for what can be the oppressive, harassing and abusive use of that civil remedy by a plaintiff as a means to force a debt collector that has conducted its operations in a legitimate manner to choose between (1) expending substantial resources in groundless litigation and (2) alternatively, to pay off a plaintiff because the cost of defending a lawsuit would be greater than the payoff amount. Analysis of the Complaint here reveals such a possibility.

Just what is meant by saying that NSM "should have known"? No hint is given that Mesinas responded to NSM's March 2013 letter by telling it of the bankruptcy and the debt's discharge, only to find NSM persisting in further unwarranted collection efforts. Nor does any Complaint allegation explain just how it is that a debt collector to which an account is referred for collection ought to have knowledge of the putative debtor's earlier payment or other extinction of the indebtedness. And absence of knowledge, as contrasted with what NSM "should have known," would seem to fall short of the bad intent needed to trigger Section 1962e or Section 1962f liability.

In sum, Mesinas' counsel is ordered to file a supplemental statement or an amendment to the Complaint on or before May 24, 2013 (with a paper copy delivered to this Court's chambers in accordance with LR 5.1(f)), explaining his good faith predicate--both subjectively and objectively--for the "should have known" allegations, something that is required of every pleader by Fed. R. Civ. P. 11(b). In addition, to spare NSM the burden (and the expense) of dealing with this litigation until some reasonable explanation is provided by Mesinas' counsel, he is ordered to provide a copy of this memorandum order forthwith to NSM's agent identified in the caption to the Complaint.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 16, 2013