IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

ESTELITA L. MESINA, et al.,    )
                               )
            Plaintiffs,        )
                               )
     v.                        )    No.  13 C 3585
                               )
NSM RECOVERY SERVICES, INC.,   )
                               )
            Defendant.         )

                         MEMORANDUM ORDER

     Estelita and Antonio Mesina (collectively "Mesinas"), plaintiffs in this action charging a violation of the Fair Debt Collection Practices Act, have themselves violated one of this District Court's basic ground rules (LR 5.2(f)).  That LR requires the delivery to the assigned judge's chambers of a copy of every court filing, unless the assigned judge has chosen to operate in a paperless environment and accordingly excuses such deliveries because of his or her preference for reading on the computer rather than reading a paper copy.

     Unfortunately this District Court's adoption of electronic filing, which has a good many things to commend it, seems to many lawyers to be correlated with the notion that judges should police the electronic dockets in the hundreds of cases assigned to their calendars and should then have the responsibility to direct their staff people to print out the documents that have not been delivered to chambers.  Just a moment's thought is needed to realize that thus shifting the burdens in staffs' (or

judges') time, as well as shifting the cost of often bulky documents from the lawyers to the courts, is both unrealistic and unfair.

All of this is a prelude to the fact that after this Court's sua sponte issuance of a May 16, 2013 memorandum order addressing a problematic aspect of Mesinas' Complaint, their counsel filed a May 20 responsive statement without delivering a chambers copy to this Court. Moreover, one day before the May 16 order Mesinas' counsel had filed an Amended Complaint, again failing to deliver a hard copy to this Court's chambers.

Since that time the litigants have simply been agreeing on periodic extensions of the time for filing a responsive pleading, which this Court has consistently granted without the need for counsel to appear--and those grants have of course been accompanied by corresponding extensions of the next scheduled status dates. Accordingly this Court has had no occasion to monitor the contents of its chambers file until it chanced to do so in conjunction with the upcoming August 22 status hearing, when it discovered the noncompliance by Mesinas' counsel with LR 5.2(f).

In an effort to call the attention of the bar to the continued requirement of hard-copy delivery to the judges who prefer to operate in that medium, this Court's website has dealt with that subject as its opening item, warning counsel that

noncompliance will carry a price tag with it. For the most part that has addressed the really troubling failure to deliver copies of newly-filed complaints, an omission that creates a gap in the follow up system that is the judicial equivalent of a business' inventory control. For that purpose both this Court's secretary and its courtroom deputy keep track of all documents delivered to chambers. In this instance neither of the two documents referred to here found its way to this Court's retained chambers file, and Mesinas' counsel is ordered to deliver to chambers a check for $200 payable to "Clerk, United States District Court."[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: August 20, 2013

---

[1] There is no need to deliver the previously missing May 20 Supplemental Statement and its Exhibits, for this Court's courtroom deputy has printed that out when this Court discovered its existence. But Mesina' counsel *is* ordered to deliver a hard copy of the May 15 Amended Complaint to this Court's chambers.

3